**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**LUFKIN DIVISION**

| | | |
|---|---|---|
| **COMPUTER ACCELERATION** | § | |
| **CORPORATION,** | § | |
| | § | |
| **Plaintiff,** | § | **CIVIL ACTION 9:07-CV-00245-RHC** |
| | § | |
| **vs.** | § | |
| | § | |
| **INTERNATIONAL BUSINESS** | § | **JURY TRIAL** |
| **MACHINES CORP.** | § | |
| | § | |
| **Defendant.** | § | |

## ORIGINAL COMPLAINT AGAINST INTERNATIONAL BUSINESS MACHINES CORP.

Plaintiff Computer Acceleration Corporation ("Computer Acceleration"), files this Complaint against International Business Machines Corp. ("IBM") for infringement of U.S. Patent No. 5,933,630 ("the '630 Patent" or "the Patent-in-Suit") under 35 U.S.C. § 271.  A copy of the Patent-in-Suit is attached as Exhibit A.

## PARTIES

1.      Plaintiff Computer Acceleration is a corporation organized under the laws of the State of Texas.  Computer Acceleration maintains its principal place of business at 107 West Lufkin Ave., Suite 214A/214B, Lufkin, Texas 75904.

2.      Upon information and belief, Defendant IBM is, and at all relevant times mentioned herein was, a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 1 New Orchard Road, Armonk, NY  10504.  IBM

manufactures for sale and/or sells personal computers and workstations to consumers in the United States and, more particularly, in the Eastern District of Texas.

## JURISDICTION AND VENUE

3.      This is an action for patent infringement arising under the patent laws of the United States, Title 35, United States Code.  This Court has exclusive subject matter jurisdiction over this case for patent infringement under 28 U.S.C. §1338(a).

4.      This Court has personal jurisdiction over IBM.  IBM has conducted and does conduct business within the State of Texas.  IBM, directly or through intermediaries (including distributors, retailers, and others), ships, distributes, offers for sale, sells, and advertises (including the provision of an interactive web page) its products in the United States, the State of Texas, and the Eastern District of Texas.  IBM has purposefully and voluntarily placed one or more of its infringing products, as described below in Count 1, into the stream of commerce with the expectation that they will be purchased by consumers in the Eastern District of Texas.  These infringing products have been and continue to be purchased by consumers in the Eastern District of Texas.  IBM has committed the tort of patent infringement within the State of Texas and, more particularly, within the Eastern District of Texas.

5.      Venue is proper in the Eastern District of Texas under 28 U.S.C. §§ 1391 and 1400(b).

## COUNT 1:  INFRINGEMENT OF U.S. PATENT NO. 5,933,630

6.      Computer Acceleration refers to and incorporates herein the allegations of Paragraphs 1–5 above.

7.      United States Patent No. 5,933,630 ("the '630 Patent"), entitled "Program Launch Acceleration Using RAM Cache," was duly and legally issued by the United States Patent and Trademark Office on August 3, 1999, after full and fair examination.  Computer Acceleration is the assignee of all rights, title, and interest in and to the '630 Patent and possesses all rights of recovery under the '630 Patent, including the right to recover damages for past infringements.

8.      On information and belief, IBM manufactures, uses, sells, offers to sell, and/or distributes computer systems, including, but not limited to, IntelliStation Pro workstations Z Pro and M Pro series; Lenovo 3000 J Series; ThinkCentre A Series; and ThinkPad R61i, T61, containing Microsoft Windows operating systems, such as Windows XP and Windows Vista, that accelerate the launch of computer programs, using the method and apparatus claimed in the '630 Patent.

9.      By virtue of the foregoing, IBM is infringing one or more claims of the '630 Patent under 35 U.S.C. § 271 by performing, without authority, one or more of the following acts: (a) making, using, offering to sell, and selling within the United States the patented invention of one or more claims of the '630 Patent; (b) importing into the United States the patented invention of one or more claims of the '630 Patent; and (c) indirectly infringing one or more claims of the '630 Patent by means of inducing infringement and/or contributory infringement.

10.     IBM will continue to infringe the claims of the '630 Patent unless enjoined.  IBM's continuing acts of infringement are irreparably harming and causing damage to Computer Acceleration.  Computer Acceleration has no adequate remedy at law to redress IBM's continuing acts of infringement.  The hardships that would be imposed upon IBM by an injunction are less

than those faced by Computer Acceleration should an injunction not issue.  Furthermore, the public interest would be served by issuance of an injunction.

11.     Computer Acceleration, any and all prior owners of the '630 Patent, and any and all licensees of the '630 Patent have, at all times, complied with 35 U.S.C. § 287.

12.     As a result of IBM's acts of infringement, Computer Acceleration has suffered and will continue to suffer damages in an amount to be proved at trial.

## PRAYER FOR RELIEF

Computer Acceleration prays for the following relief:

A.     A judgment that IBM has infringed the Patent-in-Suit as alleged herein, directly and/or indirectly by way of contributory infringement and/or inducing infringement of the Patent-in-Suit, as alleged herein;

B.     A judgment and order requiring IBM to pay Computer Acceleration damages under 35 U.S.C. § 284.

C.     A judgment and order requiring IBM to pay Computer Acceleration pre-judgment and post-judgment interest on the damages awarded;

D.     A judgment and order finding this to be an exceptional case and requiring IBM to pay the costs of this action (including all disbursements) and attorneys' fees as provided by 35 U.S.C. § 285; and

E.     A judgment and order that IBM, its agents, employees, representatives, successors and assigns, and those acting in privity or in concert with them, be permanently enjoined from further infringing the '630 Patent.   In the alternative, a judgment and order that IBM pay

Computer Acceleration an on-going royalty for future acts of infringement, at a rate determined by the jury or the Court.

F.      Such other and further relief as the Court deems just and equitable.

## **DEMAND FOR JURY TRIAL**

Computer Acceleration hereby demands that all issues be determined by a jury.

DATED:  October 1, 2007.

Respectfully submitted,

**MCKOOL SMITH, P.C.**

        /s/  Mike McKool, Jr.        
Mike McKool, Jr.
Lead Attorney
Texas State Bar No. 13732100
mmckool@mckoolsmith.com
Robert M. Manley
Texas State Bar No. 00787955
rmanley@mckoolsmith.com
Glenn E. Janik
Texas State Bar No. 24036837
gjanik@mckoolsmith.com
300 Crescent Court, Suite 1500

Of Counsel:

Dallas, Texas 75201
Telephone: (214) 978-4000

**LAW OFFICES OF CLAUDE EDWARD WELCH**

Telecopier: (214) 978-4044

Claude Edward Welch
Texas State Bar No. 21120500
welchlawoffice@consolidated.net
P. O. Box 1574
Lufkin, Texas  75902
Telephone: (936) 639-3311
Telecopier: (936) 639-3049

Sam Baxter
Texas State Bar No. 01938000
sbaxter@mckoolsmith.com
104 East Houston Street, Suite 300
Marshall, Texas 75670
Telephone: (903) 923-9000
Telecopier: (903) 923-9099

Kevin L. Burgess
Texas State Bar No. 24006927
kburgess@mckoolsmith.com
John B. Campbell
Texas State Bar No. 24036314
jcampbell@mckoolsmith.com
300 West 6th Street, Suite 1700
Austin, Texas 78701
Telephone: (512) 692-8700
Telecopier: (512) 692-8744

**ATTORNEYS FOR PLAINTIFF
COMPUTER ACCELERATION
CORPORATION**